IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RYAN MATTHEW BARROW,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 2:26-CV-026-Z<br>(2:21-CR-028-Z-BR (1)) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Ryan Matthew Barrow's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255. ECF No. 2. For the reasons stated below, the motion is **DISMISSED**.

**BACKGROUND**

The record in Barrow's underlying criminal case, No. 2:21-CR-028-Z-BR (1) (the "CR"), reflects the following:

On July 21, 2021, Barrow pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). CR ECF Nos. 28, 32. Judgment was entered under seal on November 24, 2021. CR ECF No. 47. Barrow did not appeal.

Because Barrow's Section 2255 motion appears untimely, the Court directed him to file a brief with the Court regarding whether the one-year limitations period barred his motion, or whether equitable tolling should apply. *See* ECF No. 3. Barrow did not respond to the order. After a review of the relevant pleadings and law, the Court concludes that Barrow's Section 2255 motion is barred by limitations and should be dismissed.

## LEGAL ANALYSIS

### I. Statute of Limitations.

A Section 2255 motion is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f). Barrow does not allege that Sections 2255(f)(2)-(4) apply. He did not appeal his conviction, so for his Section 2255 motion to have been timely under Section 2255(f)(1), he must have filed the motion no later than December 8, 2022.[1] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process). Barrow filed his Section 2255 motion on approximately February 3, 2026, so his motion is untimely under Section 2255(f)(1).[2]

### II. Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling

---

[1] Barrow's conviction became final on December 8, 2021, after expiration of his deadline to file a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A) (a notice of appeal must be filed within 14 days of the entry of judgment).

[2] Barrow's motion is undated but was postmarked on February 3, 2026. Even if he placed the motion in the prison mailbox a few days before the postmark date, his motion still would be untimely.

"preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). A movant is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Barrow has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. On this record, Barrow has not met his burden to establish that equitable tolling is warranted. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

**CONCLUSION**

For the foregoing reasons, Barrow's motion to vacate under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. Section 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED.**

August 26, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE